UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JORGE SANTIAGO, | : | |
|     Petitioner, | : | |
| | : | |
| vs. | : | Crim. No. 3:01cr79 (PCD) |
| | : | Civil No. 3:05cv793 (PCD) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

**RULING ON PETITION FOR HABEAS CORPUS**

Petitioner, Jorge Santiago, moves *pro se* to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's Motion to Vacate [Doc. No. 61] is **denied**.

**I.    BACKGROUND**

On June 19, 2001, Petitioner pled guilty to the charge of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). On March 25, 2002, Petitioner was sentenced to a fifteen-year term of imprisonment, followed by three years of supervised release. The Court also imposed a $100.00 special assessment. Petitioner appealed the sentence, and the Second Circuit affirmed this Court's judgment on November 4, 2003. On May 16, 2005, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. This Court issued an Order to Show Cause on May 31, 2005, ordering the government to respond to the § 2255 petition on or before July 1, 2005.

The government failed to file a response to the habeas petition, however, on December 20, 2005, the government filed, under seal, a motion for a one-year reduction of the fifteen-year sentence originally imposed on Petitioner. That motion was granted, and Petitioner's sentence

was reduced to fourteen years. On March 30, 2006, following a conversation with Petitioner's trial counsel, this Court dismissed Petitioner's § 2255 petition on the ground that the relief requested had been granted in the form of a reduced sentence. Following that ruling, however, Petitioner indicated that he had not received the relief requested. As such, on May 12, 2006, this Court vacated its denial of the § 2255 petition in order to address the petition on the merits. The Court ordered the government to respond to Petitioner's § 2255 petition on or before June 7, 2006. The government again failed to file a response.

## II.  DISCUSSION

In his § 2255 petition, Petitioner argues that his conviction was obtained by a plea of guilty "which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea." (Pet. 4.) In support, Petitioner sets forth four grounds of ineffective assistance of counsel. He argues that his trial counsel, Alexander H. Schwartz, was ineffective by: (1) failing to move to suppress, investigate, move for downward departure, or to allege that the search of Petitioner's house was based on false information; (2) "leading" Petitioner to waive his objections pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000);"[1] (3) forcing Petitioner to enter into a guilty plea "by using threats indicating that my case had already been decided prior to my plea being entered thus [sic], I believe my decision (to enter a guilty plea) was made due to incomplete information provided by my attorney;" and (4) failing to present to the Court evidence, including letters and

---

[1] In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490. Under 18 U.S.C. § 924(e), Petitioner was subject to a mandatory minimum sentence of fifteen years. Because neither the sentence originally imposed nor the amended sentence are in excess of the statutory maximum, Petitioner's Apprendi claim fails. See United States v. Thomas, 274 F.3d 655 (2d Cir. 2001).

statements, indicating Petitioner's whereabouts, which he claims would have shown that "the warrant was non-valid due to false process," and by failing to "inform[] the judge that by simply looking at the facts of my case, he was see proof of corruption (through false statements) and a warrantless search, which would prove my innocence." (Pet. 5-6.)

> Section 2255 provides that:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The time to bring such a motion is not unlimited, however, as Congress has provided that "[a] 1-year period of limitation shall apply to a motion under this section." Id. The one-year statutory limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The instant motion was filed more than one year from the date the judgment of conviction

became final.[2] See § 2255(1); Green v. United States, 260 F.3d 78, 80 (2d Cir. 2001) ("Congress imposed a '1-year period of limitation' on section 2255 motions, which runs, in this case, from 'the date on which the judgment of conviction becomes final'").

It does not appear that any of the exceptions set forth in § 2255 apply to the instant motion. Petitioner does not identify any "impediment" to making his motion that was created by the government. 28 U.S.C. § 2255(2). Moreover, Petitioner does not identify or claim the violation of any right "initially recognized" or "newly recognized" by the Supreme Court and "made retroactively applicable to cases on collateral review" following the entry of final judgment. Id. § 2255(3). Finally, Petitioner does not identify any date, subsequent to final judgment, on which "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. § 2255(4).

In sum, the Court finds that the instant motion was filed more than one year from the date the judgment of conviction became final, and that none of the exceptions that extend the one-year limitation period applies.[3] Consequently, the motion to vacate, set aside or correct sentence by a

---

[2] Petitioner's judgment of conviction became final on February 2, 2004, ninety days after the date his conviction was affirmed on appeal. See Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) (in the context of post-conviction relief, "finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

[3] The Second Circuit, in Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003), held that the one-year limitations period may be "equitably tolled" in appropriate circumstances:

To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary

person in federal custody is denied as untimely.

**III.   CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate [Doc. No. 61] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, November  20 , 2006.

/s/<br>
Peter C. Dorsey, U.S. District Judge<br>
United States District Court

---

circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Id. at 150.  Equitable tolling  may be "awarded in the court's discretion only upon consideration of all the facts and circumstances." Id. (quoting Vitarroz Corp. v. Borden, Inc., 644 F.2d 960, 965 (2d Cir. 1981)).  Upon review of the facts and circumstances present in this case, this Court finds no "extraordinary circumstances" that prevented Petitioner from timely filing his § 2255 petition.  As such, the Court holds that Petitioner is not entitled to equitable tolling.