FILED

2008 APR -2 A 8: 28   ORIGINAL

U.S. DISTRICT COURT
NEW HAVEN, CT

IN THE UNITED STATES DISTRICT COURT
IN AND FOR NEW HAVEN, CONNECTICUT

JORGE SANTIAGO,            )   Case No. 3:01cr79(PCD)
              Defendant,    )
                            )   MOTION FOR DEFAULT JUDGMENT
vs.                         )   IN THE ABOVE 2255 CASE.
                            )
UNITED STATES OF AMERICA,   )
              Plaintiff,    )

COMES NOW the defendant in the aboves styled case and moves this Honorable Court for a Judgment of default against the United States and an order granting to relief as requested in the defenant's 2255 motion for failure by the plaintiff to respond in a timely manor to the Court's order dated requiring them to respond to the defendant's 2255 merits by no later then 5-12-06, the defendant offers the following statements and exhibits in support of this motion:

1.) On or about 5-16-05 the defendant filed a 28 USC 2255 motion with this court.

2.) On or about 3-30-06 the Court erroneously **denied** said motion.

3.) On or about 5-12-05, The Court upon motion of the defendant, **vacated** it's prior ruling and reinstated defendant's motion.

4.) On or about 5-12-06 the Court order the United States to respond to the defendant's 2255 by no later then 6-7-06 , as to the motion's merits.

5.) It has now been over 21 months since that order was

DEFAULT JUDGMENT-1

served upon the United States Attorney's office and the defendant has recieved no such response.

6     On the 24th day of March 2008, the defendant through an outside source was able to get a copy of a current Court docket calender (see exhibit #1 attached.), on that docket sheet it shows no response from the Government as ordered by the Court but it does show that a dismissal was ordered in the case as per this court on 11-20-06. It also shows that the case was sent to the 2nd Circuit Court of Appeals for a C.O.A.

<u>ARGUEMENT</u>

Defendant argues that he never recieved a copy of the Government's response to the merits of his 2255 which was due by no latter then 6-7-06 He further alleges that he never recieved a copy of any order by the Court dismissing his 2255 or a copy of the order giving the 2nd Circuit jurisdiction over the case.

The defendant does not know if maybe the problem lies in the fact that in the past he had been represented by counsel, and he has been unable to reach that counsel or had any correspondence from that Counsel, but what ever the reason, the court erred in dismissing the 2255 a second time without insuring that he had recieved a copy of the Government's response (if any) to the 2255.

Defendant requests that the Court vacate that dismissal take jurisdiction back for the 2255 from the 2nd Circuit and then appoint him new counsel under 18 USC 3006A with instructions that Counsel aquire all needed documents and then discuss the defendant's position with him before filing in fur= ther documents.

DEFAULT JUDGMENT-2

The defendant would assert that through out the 2255 proceedings, the record shows that there were several errors regarding to compliance with the Court's orders, as well as to the Civil Rules of Criminal proceedure.

He argues that unless the Government had conceeded that all his allegations in his 2255 were infact true, (a conssession that would thereby have required relief from the Court), he is entitled to an evidentiary hearing on the motions merits.

In Fallen v. US, 378 U.S. 139, the Justices ruled that " if a defendant has done all he can to prevent a dismissal, A motion for dismissal should be denied." The defendant argues in this case that with restrictions placed on him by the BOP and the fact that his appointed counsel in the past has been less cooperative, he has done all he can to comply with the Court rules and as such the Court should reopen his motion and appoiint him a Attorney to resolve the 2255 issues.

Dated this 25th day of March, 2008    By: _____
Jorge Santiago Def.
No. 14168-014
Federal Correctional Inst.
P.O. Box 5000
Sheridan, OR 97378

# Certificate of Service

I, Jorge Santiago, herby certify that I have served a true and correct copy of the following, by placement in the inmate mail:
Motion for Default Judgment

Service of process is deemed complete at the time of delivery to the prison authorities for forwarding to the court. *Houston v. Lack* 101 L.ED..2d. 245 (1998) confirms that by such service upon parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

```
US Attorney's Office
C/O the US Courthouse
141 Church Street
New Haven, Connecticut 06510
```

And deposited in the United States mail maintained by the Federal Correctional Institution, Sheridan, Oregon, all requirements of service of process required by law have been fulfilled this:

25th day of March, 2008.

**Federal Correctional Institution Sheridan**

**P.O Box 5000**

**Sheridan, OR 97378-5000**

Name: *[signature]*
Jorge Santiago #14168-014
Federal Correctional Inst.
P.O. Box 5000

Bureau of Prisons Identification Number
Sheridan, OR 97378

| | | |
|---|---|---|
| | | USA as to Jorge Santiago. (Jefferson, V.) (Entered: 03/31/2006) |
| 03/30/2006 | 73 | RULING dismissing 61 Motion to Vacate (2255) as to Jorge Santiago (1). Signed by Judge Peter C. Dorsey on 3/29/06. (Jefferson, V.) (Entered: 04/04/2006) |
| 04/05/2006 | 74 | ELECTRONIC ORDER granting 72 Motion for Extension of Time to File Response/Reply as to 61 MOTION to Vacate under 28 U.S.C. 2255 ( Civil Action 3:05cv793.) until 5/26/06 as to Jorge Santiago (1). Signed by Judge Peter C. Dorsey on 4/5/06. (Villano, P.) (Entered: 04/05/2006) |
| 05/02/2006 | 77 | MOTION for Certificate of Appealability, MOTION for Extension of Time to file Notice of Appeal by Jorge Santiago. (Villano, P.) (Entered: 12/07/2006) |
| 05/12/2006 | 75 | RULING ON PETITON FOR WRIT OF HABEAS CORPUS as to Jorge Santiago VACATING re 73 Ruling on Motion to Vacate (2255). The Government shall respond to Petitioner's 2255 petition for writ of habeas corpus on or before 6/7/06 . Signed by Judge Peter C. Dorsey on 5/12/06. (Villano, P.) (Entered: 05/12/2006) |
| 11/20/2006 | 76 | RULING denying 61 Motion to Vacate (2255) as to Jorge Santiago (1). Signed by Judge Peter C. Dorsey on 11/20/06. (Jefferson, V.) (Entered: 11/21/2006) |
| 12/07/2006 | 78 | ELECTRONIC ORDER granting NUNC PRO TUNC 77 Motion for Certificate of Appealability as to Jorge Santiago (1); granting NUNC PRO TUNC 77 Motion for Extension of Time as to Jorge Santiago (1). Signed by Judge Peter C. Dorsey on 12/7/06. (Villano, P.) (Entered: 12/07/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/20/2008 16:25:44 | | |
| **PACER Login:** cs4811 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 3:01-cr-00079-PCD |
| **Billable Pages:** 7 | **Cost:** | 0.56 |