# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JORGE SANTIAGO,               :
      Petitioner,         :
                     :     Civil No. 3:05cv793 (PCD)
v.                         :     Crim. No. 3:01cr79 (PCD)
                     :
UNITED STATES OF AMERICA,   :
      Respondent.      :

## RULING ON PENDING MOTIONS

Petitioner Jorge Santiago moves *pro se* to reinstate his right to appeal the denial of his §2255 motion and for default judgment against the United States. For the reasons stated herein, Petitioner's Motion to Reinstate His Right to Appeal His § 2255 Motion [Doc. No. 79] and his Motion for Default Judgment [Doc. No. 80] are **denied**.

## I.     BACKGROUND

Because many of the relevant dates listed by Petitioner in his instant motions are inaccurate, the Court will recite the procedural history of this case in some detail. On June 19, 2001, Petitioner pled guilty to the charge of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). On March 25, 2002, Petitioner was sentenced to a fifteen-year term of imprisonment, followed by three years of supervised release. Petitioner appealed the sentence, and the Second Circuit affirmed this Court's judgment on November 4, 2003. On May 16, 2005, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 61.] An Order to Show Cause issued on May 31, 2005, ordering the government to respond to the § 2255 petition on or before July 1, 2005.

The government failed to file a response to the §2255 petition. However, on December 20, 2005, the government filed, under seal, a motion for a one-year reduction of the fifteen-year

sentence originally imposed on Petitioner. That motion was granted, and Petitioner's sentence was reduced to fourteen years. On March 30, 2006, following a conversation with Petitioner's trial counsel, this Court dismissed Petitioner's § 2255 petition on the ground that the relief requested had been granted in the form of a reduced sentence. On May 2, 2006, Petitioner filed a "Motion for Certificate of Appealability/Motion for Extension of Time to file Notice of Appeal" [Doc. No. 77], following the first denial of his § 2255 motion. Petitioner sought to appeal because, contrary to what the court had understood from his trial attorney, he believed that the reduced sentence he had recently received did not adequately provide the relief that he had requested in the § 2255 motion. Therefore, on May 12, 2006, this Court vacated its denial of the § 2255 petition in order to address the petition on its merits. Petitioner's "Motion for Certificate of Appealability/Motion for Extension of Time to file Notice of Appeal" was effectively dispatched when the first ruling on the § 2255 petition was vacated.

The Court ordered the government to respond to Petitioner's § 2255 petition on or before June 7, 2006. The government again failed to file a response. The decision on the merits regarding Petitioner's § 2255 motion was issued on November 20, 2006. On December 7, 2006, in order to clear the docket, the court granted *nunc pro tunc* the "Motion for Certificate of Appealability/Motion for Extension of Time to file Notice of Appeal," in light of the fact that the court had vacated the first denial of the § 2255 petition. [Doc. No. 78.] Subsequent to the issuance of the November 20, 2006 denial of his § 2255 motion, Petitioner filed no notice of appeal or any other motions, until the instant motions filed in the spring of 2008.

In his § 2255 petition, Petitioner argued that his conviction was obtained by a plea of guilty "which was unlawfully induced or not made voluntarily with understanding of the nature

2

of the charge and the consequences of the plea" [Doc. No. 61 at 4], and that he had received

ineffective assistance of counsel.  On November 20, 2006, this Court denied Petitioner's §2255

petition as untimely, because it had been filed more than one year from the date the judgment of

conviction became final, and because none of the exceptions that extend the one-year limitation

period applied.  [Doc. No. 76.]  In that ruling, the Court explained that Congress has provided

that "[a] 1-year period of limitation shall apply to a motion under [28 U.S.C. § 2255]," and that

Petitioner's §2255 motion had been filed on May 16, 2005, which was more than one year after

the judgment of conviction became final on February 2, 2004, ninety days after his conviction

was affirmed on appeal.  The Court also concluded that none of the exceptions that extend the

one-year limitation period applied.

## II.    DISCUSSION

On March 24, 2008, Petitioner moved for an order reinstating his right to appeal the

denial of his § 2255 motion, on the basis that he had only recently learned that the § 2255 motion

had been denied, because he had not been notified that the ruling had issued.  Pursuant to Federal

Rule of Appellate Procedure 4(a)(1)(B), "When the United States or its officer or agency is a

party, the notice of appeal may be filed by any party within 60 days after the judgment or order

appealed from is entered."  This Court's ruling denying Petitioner's § 2255 motion was entered

on November 20, 2006 [Doc. No. 76], not in December of 2007 as Petitioner repeatedly states.

Even construing the instant motion as a notice of appeal, such notice is extremely tardy, having

been filed approximately sixteen months after the judgment it seeks to appeal, which is far

outside the sixty day window.  See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999)

(construing *pro se* litigant's motion for certificate of appealability as notice of appeal).  Nor was

3

there any motion pending in the intervening period which would have served, pursuant to Federal Rule of Appellate Procedure 4(a)(4), to toll the time for filing a notice of appeal. Petitioner's appeal is thus barred as untimely.

The Court does not credit Petitioner's assertion that the Clerk failed to serve notice of the order denying Petitioner's § 2255 motion. However, even assuming *arguendo* that Petitioner did not receive notice of the November 2006 denial until March 2008, Federal Rule of Civil Procedure 77(d)(2) provides that "Lack of notice of the entry [of an order] does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Federal Rule of Appellate Procedure 4(a)(6) permits the district court to reopen the time for filing an appeal "only if all the following conditions are satisfied." The court must find that the moving party did not receive timely notice of the entry of the judgment, that no party would be prejudiced by the reopening of the appeal period, <u>and</u> that "the motion [to reopen] is filed within 180 days after the judgment or order is entered <u>or</u> within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, <u>whichever is earlier</u>." Fed. R. App. Proc. 4(a)(6) (emphasis added). Petitioner's instant motion to reopen the appeal period clearly runs afoul of the 180 day limitation, even assuming that he could demonstrate lack of timely notice of the entry of the judgment which he seeks to appeal. Because Petitioner's appeal was untimely, and because Petitioner is not eligible for reopening of the time to file an appeal, his motion to reinstate his right to appeal or for a certificate of appealability is denied.

On April 2, 2008, Petitioner moved for a judgment of default against the United States and an order granting the relief requested in Petitioner's § 2255 motion, on account of the

4

government's failure to respond to Orders to Show Cause issued by this Court. [Doc. No. 80.] While the Court shares Petitioner's frustration with the government's repeated failures to respond, these failures do not entitle Petitioner to a default judgment and an award of the relief requested. The ruling denying Petitioner's § 2255 motion was based on the Court's determination that Petitioner's § 2255 motion was barred by the one-year limitation period for filing such motions. Because Petitioner's notice of appeal was not timely filed, the Court of Appeals lacks jurisdiction to entertain the appeal. Sorensen v. City of New York, 413 F.3d 292, 295 (2d Cir. 2005); see also United States v. Frias, 521 F.3d 229, 232-33 (2d Cir. 2008) (explaining that Federal Rule of Appellate Procedure 4(a), which governs the time to appeal in a civil case, is jurisdictional). Therefore, Petitioner cannot now be granted the opportunity to appeal, notwithstanding the government's failure to respond. The prior ruling denying Petitioner's § 2255 motion will stand, and default will not enter against the government.

## III.     CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reinstate His Right to Appeal His § 2255 Motion [Doc. No. 79] and his Motion for Default Judgment [Doc. No. 80] are **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, July  15 , 2008.


_____
                          /s/
Peter C. Dorsey, U.S. District Judge